**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4985**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

LAMATAVOUS REGTEZ COLLINS, a/k/a Red,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B. Seymour, District Judge.
(1:10-cr-00466-MBS-3)

_____

Submitted:  August 8, 2012            Decided:  August 23, 2012

_____

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Gregory P. Harris, HARRIS & GASSER, LLC, Columbia, South
Carolina, for Appellant. William N. Nettles, United States
Attorney, J.D. Rowell, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Lamatavous Regtez Collins of conspiracy to possess with intent to distribute and distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Collins to 360 months of imprisonment, and he now appeals. Finding no error, we affirm.

Collins first argues that the district court erred in denying his motion to suppress statements he made to the Government pursuant to a proffer agreement, admissible by virtue of his violation of that agreement, where the Government provided Collins with phone calls, recorded by a cooperating witness, after the parties entered into the proffer agreement. "In reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error, and its legal conclusions de novo." United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008) (citation omitted); see also United States v. Caro, 597 F.3d 608, 616 (4th Cir. 2010) (reviewing an alleged Brady v. Maryland, 373 U.S. 83 (1963) violation de novo). When the district court has denied a defendant's suppression motion, we construe the evidence in the light most favorable to the government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

"In Brady, the Supreme Court announced that the Due Process Clause requires the government to disclose 'evidence

2

favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment.'" Caro, 597 F.3d at 619 (citing Brady, 373 U.S. at 87). In order to establish a Brady violation, Collins must demonstrate that the evidence at issue is favorable to him, either because it is exculpatory or impeaching; the evidence was suppressed by the Government; and that he was prejudiced by that suppression. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Favorable evidence is material if the defendant can demonstrate that there is a reasonable probability that, had the evidence been disclosed, the outcome of the proceeding would have been different. Caro, 597 F.3d at 619. We have thoroughly reviewed the record and conclude that the district court did not err in concluding that the challenged evidence was not favorable to Collins as it was not exculpatory or impeaching.

Collins next argues that there was insufficient evidence to support the verdict. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial

3

evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

In order to prove that Collins conspired to possess with intent to distribute and distribute marijuana and cocaine, the Government needed to show (1) an agreement between two or more persons, (2) that Collins knew of the agreement, and (3) that Collins knowingly and voluntarily joined the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). However, the Government was not required to make this showing through direct evidence. In fact, "a conspiracy may be proved wholly by circumstantial evidence," and therefore may be inferred from the circumstances presented at trial. Id. at 858. Our review of the record leads us to conclude that there was substantial evidence to support the

4

jury's finding of guilt. We reject Collins' invitation that we substitute our weighing of the evidence or assessment of the credibility of the witnesses for the determinations made by the jury.

Finally, Collins argues that the district court erred in calculating the advisory Guidelines range by incorrectly calculating the amount of drugs attributable to Collins and applying an enhancement for possession of a firearm. In reviewing the district court's calculations under the Guidelines, we "review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and citation omitted).

At sentencing, the Government need only establish the amount of drugs involved in an offense by a preponderance of the evidence. United States v. Brooks, 524 F.3d 549, 560 n.20, 562 (4th Cir. 2008); United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). "[W]here there is no drug seizure or the amount of drugs seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." United States v. D'Anjou, 16 F.3d 604, 614 (4th

5

Cir. 1994). In addition, a district court may consider acquitted conduct in applying the Guidelines when that conduct has been proven by a preponderance of the evidence. See Watts v. United States, 519 U.S. 148, 156 (1997). We will afford the district court "broad discretion as to what information to credit in making its calculations." Cook, 76 F.3d at 604 (internal quotations and citation omitted).

Moreover, under the Guidelines, a district court shall apply a two-level enhancement in offense level if a dangerous weapon was possessed. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b). The commentary to that section provides that the enhancement should be "applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b) cmt. n.3(A). After reviewing the record and carefully considering the relevant legal authorities, we conclude that the district court did not err in calculating the advisory Guidelines range.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6